UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:20-CR-61-KAC-JEM |
| CAROLS HUMBERTO PAREDES, | ) ) ) | |
| Defendant. | ) ) ) | |

## **ORDER DENYING "MOTION FOR SENTENCING TRANSCRIPTS"**

This case is before the Court on Defendant's "Motion for Sentencing Transcripts" [Doc. 32]. On October 22, 2020, Defendant pled guilty to possessing with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [Docs. 12 at 1, 13 at 1]. On March 3, 2021, the Court sentenced Defendant to 126 months' imprisonment, followed by five (5) years of supervised release [Doc. 29 at 2-3]. On February 10, 2022, Defendant, who is proceeding pro se, mailed a document to the Court captioned "Motion for Sentencing Transcripts" [Doc. 32]. In that document, Defendant requests a free copy of his sentencing transcript under 28 U.S.C. § 753(f), stating that he "wishes to file a [motion under 28 U.S.C.] § 2255 because he is not satisfied with his sentence" and, "[t]herefore, he needs his transcripts" [*Id.* at 1]. He also states that he is indigent [*Id.*]. To date, Defendant has not filed a Section 2255 motion. And he has waived the right to do so, except that he "retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel" [Doc. 13 at 6].

1

An indigent defendant has a right to free Court documents, including transcripts, in certain circumstances. Under 28 U.S.C. § 753(f):

> Fees for transcripts furnished in proceedings brought under section 2255 . . . to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Under 28 U.S.C. § 2250:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

An indigent defendant does not have "a right to a transcript at government expense under 28 U.S.C. § 753(f) in order to search the transcript for yet unasserted grounds in a motion to vacate his sentence under 28 U.S.C. § 2255." *United States v. Alcorn*, 10 Fed. Appx. 248, 248, 2001 WL 278693, *1 (6th Cir. Mar. 12, 2001). And "[c]onclusory allegations in support of a request for free transcripts do not satisfy" Section 753(f)'s requirements that "the suit or appeal is not frivolous" and "the transcript is needed to decide the issue presented by the suit or appeal." *See Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008).

As an initial matter, Defendant has not satisfied the requirements of Sections 753(f) and 2250 because he has not filed a Section 2255 petition. Further, Defendant has failed to establish that the claims in any such petition would be non-frivolous and that the transcript from his sentencing hearing is needed to decide any non-frivolous issue. Defendant's general dissatisfaction with his sentence is not a sufficient basis for Section 2255 relief. *See Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) ("'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a

2

Case 3:20-cr-00061-KAC-JEM   Document 33   Filed 02/15/22   Page 2 of 3   PageID #: 204

substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003))). And Defendant expressly waived his right to file a Section 2255 petition on that basis [*See* Doc. 13 at 6]. Therefore, the Court **DENIES** Defendant's "Motion for Sentencing Transcripts" [Doc. 32]. The Clerk **SHALL** mail Defendant a copy of this Order along with a "Copy Request Notice."

    **IT IS SO ORDERED.**

                                                   KATHERINE A. CRYTZER
                                                   United States District Judge